USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ Nos. 94-1052 94-1322 UNITED STATES, Appellee, v. LEO HAMEL, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin, Circuit Judge, and _____________ Barbadoro,* District Judge. ______________ ____________________ Michael C. Bourbeau, Esq. with whom Bourbeau and Bourbeau was on _________________________ _____________________ brief for appellant. Donald K. Stern, United States Attorney, with whom Nadine _________________ ______ Pellegrini, Assistant United States Attorney, was on brief for __________ appellee. ____________________ October 6, 1994 ____________________ ____________________ *Of the District of New Hampshire, sitting by designation. Per Curiam. After jury trial in the district court, Per Curiam __________ defendant Leo Hamel was convicted of violation of 18 U.S.C. 371 of conspiracy to commit bank fraud and conspiracy to make false statements for the purpose of influencing the actions of Dime Savings Bank, a federally insured bank. He now appeals his conviction. Defendant originally appealed on two grounds. In his brief, he first argued that the government failed to prove as a matter of law that Hamel knowingly made a false statement with intent to influence a federally insured financial institution. As defendant's counsel correctly conceded during oral argument, however, defendant's argument on this point is precluded by this Court's recent decision in United States v. Brandon, 17 F.3d 409, 426 (1st Cir. 1994) ("It has _____________ _______ been established that the government does not have to show the alleged scheme was directed solely toward a particular institution; it is ______ sufficient to show that defendant knowingly executed a fraudulent scheme that exposed a federally insured bank to risk of loss."). This concession leaves us with defendant's remaining argument on appeal, that there was insufficient evidence as a matter of law to convict him of conspiracy under 371. We have stated that in assessing a sufficiency challenge, we examine the evidence "in the light most flattering to the prosecution (in the process of drawing all reasonable inferences in its favor) so that we may ascertain whether the proof would have allowed a rational jury to determine beyond a reasonable doubt that the defendant was guilty of the crime charged." United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992), _____________ _____ cert. denied, __ U.S. __, 113 S. Ct. 1005 (1993). There are no ____ ______ -2- 2 specific requirements of proof of a conspiratorial agreement; we have held that the agreement may be express or tacit, and may be proved by direct or circumstantial evidence. United States v. Sep lveda, 15 _____________ _________ F.3d 1161, 1173 (1st Cir. 1993), cert. denied, __ U.S. __, 114 S. Ct. ____ ______ 2714 (1994). Applying these standards for review of defendant's conspiracy conviction, we easily find that there was sufficient evidence to support a jury finding beyond a reasonable doubt of an agreement to defraud Dime Savings Bank and to present false statements to Dime. For these reasons, we reject defendant's challenge and affirm his conviction. Affirmed. ________ -3- 3